UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

UNITED STATES OF AMERICA

      Plaintiff,

v.                                    CASE NUMBER: 1:15-CR-42

CHRISTIAN J. SMITH

      Defendant.

## DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTON TO DISMISS

Mr. Smith is charged in Count 5 with a violation of 18 U.S.C. § 924(c), using or carrying a firearm during the commission of a crime of violence, to wit, a Hobbs Act Robbery and federal armed bank robbery. On August 6, 2015, Mr. Smith filed a motion to dismiss Count 5 of the indictment, in light of *Johnson v. United States*, 133 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act. [DE #50]. On September 28, 2015, the government filed its Response [DE #62], and on November 5, 2015, Mr. Smith filed his Reply. [DE #66].

On December 1, 2015, this Court issued an Opinion and Order, reaching its tentative conclusion that 18 U.S.C. § 924(c)'s residual clause was not unconstitutionally vague after *Johnson* because this Court need not apply the categorical approach in interpreting that provision. [DE #71]. In its Order, the Court sought additional briefing from the parties as to the applicability of the categorical approach to § 924(c)'s residual clause. As outlined below, whether or not a predicate offense qualifies as a "crime of violence" is a question of law at every stage of proceedings, including pre-trial. As such, the judge, as opposed to the jury, must determine

1

whether a predicate offense is a "crime of violence." As the appellate courts have uniformly held, all courts must employ the categorical approach to determine if a predicate offense is a crime of violence.

## I. Whether Predicate Offense is a Crime of Violence is a Question of Law

In its Order, the Court correctly observes that 18 U.S.C. § 924(c) does not ask whether a historical conviction satisfies the "crime of violence" definition. (Opinion and Order p. 11). Nonetheless, a district court's role in determining whether a predicate offense is a crime of violence under 18 U.S.C. § 924(c) is no different than when it analyzes a historical conviction. This is so because, as the appellate courts have unanimously held, whether a predicate offense constitutes a "crime of violence" is a question of law, not of fact. Two separate Seventh Circuit panels have directly addressed this issue, and both held that whether the predicate offense satisfies § 924(c)'s definition of crime of violence is *not* a question for the jury. First, in *United States v. Charles*, 1 F.3d 1244 (7th Cir. Aug. 3, 1994), the Seventh Circuit rejected the defendant's argument that the jury—as opposed to the judge—should have decided whether a predicate offense was a "crime of violence" under § 924(c). "As the district court noted at the time it granted the government's request, the issue of whether the statutory definition of a 'crime of violence' properly applies to Count 1 of the indictment is a question of law for the court to determine." *Charles*, at *2.

Five years later, a different panel of the Seventh Circuit reached the same conclusion in *United States v. Meachum*, 182 F.3d 923 [table] 1999 WL 511431 (7th Cir. July 15, 1999). Directly addressing the question posed by this Court, the appellate court noted that:

> Whether an offense is a 'crime of violence' is a question of law rather than an application of law to the facts of a particular case, and a judge may tell the jury what the law provides without usurping its role. No surprise, therefore, that every court to consider the issue has

held that the judge rather than the jury decides which crimes are on the 'crime of violence' list.

*Id*. at *1. As the *Meachum* court emphasized, "[i]f the question whether a particular section of the United States Code identifies a 'crime of violence' is not a jury question when the defendant is on the prevailing end, it is not a jury question when the answer favors the prosecutor." *Id*. at *2.

The Seventh Circuit's opinions are consistent with every appellate court to consider the question. Each has held that the term "crime of violence" is a matter of statutory interpretation; a "purely legal judgment" for the court, not the jury. *United States v. Credit*, 95 F.3d 362, 364 (5th Cir. 1996); *see also United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013), (Crime of violence determination is " a question of law we review *de novo,* and that we must answer "categorically"—that is, by reference to the elements of the offense, and not the actual facts of [the defendant's] conduct."); *United States v. Weston,* 960 F.2d 212, 217 (1st Cir.1992); *United States v. Moore,* 38 F.3d 977, 979 (8th Cir.1994); *United States v. Amparo,* 68 F.3d 1222, 1225-26 (9th Cir.1995), *cert. denied,* 516 U.S. 1164, 116 S.Ct. 1055, 134 L.Ed.2d 200 (1996). Each of these courts has held that whether an offense is a "crime of violence," such that it can be a predicate offense for a conviction under § 924(c), is a question of law for the judge, not a question of fact for the jury. *See Meachum*, 182 F.3d 923, at *1 ("Whether an offense is a 'crime of violence' is a question of law rather than an application of law to the facts of a particular case.").

## II.     Categorical Approach Applies

The appellate courts are unanimous in their conclusions that whether a predicate offense is "crime of violence" is a *question of law*. Those courts have sought to craft a uniform standard for determining how to answer that question. Construing the functionally identical residual

clause in the Armed Career Criminal Act, the Supreme Court developed the "categorical approach" to provide uniformity across jurisdictions. *Taylor v. United States*, 495 U.S. 575, 593 (1990). Rather than looking at the name of the statute or the facts of the underlying crime—a task that is inappropriate when resolving questions of law—the *Taylor* court directed the lower courts to consider the statutory elements of the offense in question. *Id*. at 600-01.

For offenses that did not have force as an element, the Supreme Court directed courts to answer the purely legal question before them—does a particular statutory offense qualify as a crime of violence—by considering the "ordinary case." *James v. United States*, 550 U.S. 192, 208 (2007), *overruled by Johnson v. United States*. This method continued to focus on the statutory language of the offense, as opposed to the defendant's actual conduct. *Id.* at 201-02. Thus, for offenses that did not have force as an element, the question before the court could only be answered by considering "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id*. Like the categorical approach, the ordinary case inquiry was rooted in the verbiage of the ACCA's residual clause itself. *Id*. at 207 ("Section 924(e)(2)(B)(ii)'s residual provision speaks in terms of a "potential risk." These are inherently probabilistic concepts. Indeed, the combination of the two terms suggests that Congress intended to encompass possibilities even more contingent or remote than a simple "risk," much less a certainty." (footnote omitted)). (*Id*. at 207-208).

Section 924(c)'s crime of violence definition is functionally identical, in language and structure, to ACCA's crime of violence definition. It is no surprise, then, that every single appellate court to consider the issue has followed Supreme Court precedent and employed the categorical approach to determine whether an offense—as opposed to a prior conviction—satisfies § 924(c)'s "crime of violence" definition. In *United States v. Acosta*, 470 F.3d 132 (2d

Cir. 2006), the Second Circuit emphasized that categorical approach applies to § 924(c)(3). "Under this categorical approach, we focus on the intrinsic nature of the offense rather than on the circumstances of the particular crime." *Id*. at 135. The court went on to analyze the elements of 18 U.S.C. §§ 241 and 242, and held that each *statute*, as opposed to each set of actions allegedly committed by the defendants, satisfied § 924(c)(3). *Id*. at 136-137.

Other courts of appeals have reached identical conclusions. *See United States v. Serafin*, 562 F.3d 1105, 1108 (10th Cir. 2009) ("Applying the categorical approach here, we are bound only to analyze the text of § 924(c)(3)(B) and 26 U.S.C. § 5861(d)."); *United States v. Moore*, 38 F.3d 977 (8th Cir. 1994) (overruled on other grounds by *Leocal v. Ashcroft*, 543 U.S. 1, 7, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004)) ("Section 924(c)(3)(B) defines a crime as a crime of violence if 'by its nature it involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.' To determine the nature of a crime requires an examination of the elements which compose it. This analysis does not require an exploration of the underlying facts. It does, however, call for a study of the statutory definition of the particular offense, and the task of statutory interpretation is one best placed in the hands of the trial judge."); *United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("[W]hen determining questions of law, we adopt a categorical approach in lieu of the circumstantial or case-by-case method that requires the district court to inquire into the facts of the particular case. Moreover, in the context of crime-of-violence determinations under § 924(c), our categorical approach applies regardless of whether we review a current or prior crime. (Citations omitted)).

Even while recognizing the recognition of the historical roots of the categorical approach in sentencing procedures, appellate courts have uniformly applied the categorical approach to § 924(c). In *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995), the Ninth Circuit

explicitly recognized that the categorical approach was developed to avoid difficulties in re-litigating prior convictions, but correctly held that the method's history did not preclude its application to § 924(c). *Id.*

Moreover, although the categorical approach was born from analyzing ACCA's "violent felony" definition, the legislative history of § 924(c) suggests that Congress intended the categorical approach to apply to the analysis of "crime of violence."  Senate Comm. on Judiciary, Comprehensive Crime Control Act of 1983, S.Rep. No. 98-225, 98th Cong., 2d Sess. 307 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3486-87.  Like the language set forth in the Armed Career Criminal Act, § 924(c)(3) imposes punishment for carrying a firearm in furtherance of a set of offenses that have specific *elements* or pose specific risks *by the their nature.*  The statute, on its face, directs courts to look to the statutory offense, "not any crime that, in a particular case, involves the use or threat of force" or substantial risk.  *Taylor*, at 601.  Like ACCA's functionally identical definition, "the language of [924(c)] generally supports the inference that Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions."  *Id*.

### III.    Still a Question of Law, Pre-Trial

Nothing about the historical roots of the categorical analysis make it inapplicable to the purely legal question before this Court.  Whether a predicate offense is a crime of violence is a question of law at every stage of legal analysis, including when the questions is presented pre-trial.  As this Court has observed, in order for a defendant to be convicted of § 924(c), "the government must show that the defendant: (1) carried a firearm; (2) committed all the acts necessary to be subject to punishment for a crime of violence; and (3) carried the gun during and

in relation to that crime." Order at 11, citing *United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003). Notably, under binding circuit precedent, the jury is *not* asked to determine whether the predicate offense is a crime of violence, but merely whether the defendant committed the predicate offense. Although a jury must find, as a factual matter, that each the elements were met beyond a reasonable doubt---including the facts necessary to establish the predicate offense—whether the predicate offense is itself a "crime of violence" is a legal determination, to be made by the judge. Only after the judge determines that the predicate offense, if committed, could be considered a crime of violence is the jury asked to make factual findings about that crime's commission.

It is the consensus that whether a predicate offense satisfies § 924(c)(3) is a question of law, and that the categorical approach applies to that analysis. Nonetheless, it is worth noting that numerous courts have addressed the concerns raised by this Court and by the court in *Standberry*. Those courts have concluded that the categorical approach applies despite the distinction between sentencing and the instant offense. *See Amparo*, 68 F.3d at 1225 (confirming that the categorical approach applies to § 924(c)(3) despite defendant's arguments about the origin of the categorical approach in sentencing).

Although some district courts have raised concerns about the tensions between the origins of the categorical approach and its application in the interpretation and application of the law, pre-trial, the overwhelming majority of district court to consider the question has applied the categorical approach to § 924(c)'s definition of "crime of violence." ."). Cases following *Standberry* reach the same conclusion. *See United States v. D-1 Bijan Woodley*, 2015 WL 7770859, at *2 (E.D. Mich. Dec. 3, 2015) ("[T]he Court agrees that that some type of categorical approach governs determining whether carjacking is a crime of violence under § 924(c)(3)[.]").

And even in *United States v. Standberry*, -- F. Supp. 3d --, 2015 WL 5920008 (E.D. Va. 2015), the case relied upon by this court in its articulation of its concerns, the court did apply the categorical approach to its analysis of 18 U.S.C. § 924(c), just as has every court before it. *Id.* at *2. ("With some reservation, this Court will bow to the wishes of the parties and apply the categorical approach.").

The inevitable conclusion, (and the ultimate resolution), is that whether an offense qualifies as a crime of violence is a straight-forward question of law, *not* a mixed question of law and fact. *See Meachum*, at *1. Unlike mixed questions of law and fact, questions of law are simply not submitted to juries, but are answered by judges. *United States v. Gaudin*, 515 U.S. 506, 513 (1995) ("In criminal cases, as in civil, we held, the judge must be permitted to instruct the jury on the law and to insist that the jury follow his instructions."), (citing *Sparf v. United States*, 156 U.S. 51, 105–106 (1895)). Because whether an offense is a "crime of violence" is a purely a question of law, the Court must answer that question, not the jury.

## IV. SUBJECT TO JOHNSON

*Johnson* did not eviscerate the categorical approach, or its broad application to statutes like § 924(c). All that seminal case did was call into question the ordinary case approach, and thus recognize that the so-called residual clauses are unconstitutionally vague. Crucially, nothing about that opinion changed when or where the categorical approach must be applied as a legal matter; whether an offense is a "crime of violence" remains a legal question, to be determined by way of the categorical approach. As the Seventh Circuit noted in *Meachum*, "[i]f the question whether a particular section of the United States Code identifies a 'crime of violence' is not a jury question when the defendant is on the prevailing end, it is not a jury question when the answer favors the prosecutor." Not surprisingly, then, appellate courts have continued to apply

the categorical approach to analyze § 924(c)(3). The Fourth Circuit went through a lengthy analysis of the residual clause in *United States v. Fuertes*, 805 F.3d 485, (4th Cir. 2015).  There, the court squarely held that the whether an offense was "crime of violence" under § 924(c)'s residual clause was to be answered by using the categorical approach.  "In determining whether an offense qualifies as a 'crime of violence' under either [§ 924(c)'s elements or residual] clause[es], the court may (depending on the features of the applicable statute) employ the 'categorical approach' or the 'modified categorical approach.'" *Id*. at 498.

   Appellate courts around the country are uniformly holding that the Supreme Court's opinion in *Johnson* applies broadly, not just to invalidate the residual clause of the Armed Career Criminal Act.  Numerous courts, including the Seventh Circuit, have squarely held that *Johnson applies* to the identically-worded residual clause found in 18 U.S.C. § 16(b). *See United States v. Vivas-Ceja. See also Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). In *Vivas-Ceja*, the Seventh Circuit addressed many of this Court's concerns about a broader application of the *Johnson* holding.  There the Court rejected arguments that *Johnson*'s holding was limited to the ACCA's residual clause.  Instead, it found that *Johnson*'s conclusion that the residual clause is unconstitutionally vague applies to analogous statutes, such as the residual clause found in 8 U.S.C. § 16(b)—which is identical to § 924(c). First, the Seventh Circuit rejected the government's argument that ACCA's residual clause was different because of the so-called enumerated offenses:

> The government insists that *Johnson* doesn't compel this conclusion because the Court placed special emphasis on the confusion created by the list of enumerated crimes preceding the residual clause, *see Johnson,* 135 S.Ct. at 2558–60, a feature not present in § 16(b). The government overreads this part of the Court's analysis.

*Vivas Cejas*, at 723. The Court goes on to observe that it is the categorical approach itself— which, for the residual clause, is comprised of the ordinary case approach and the risk

9

assessment—that renders the residual clause unconstitutional, *not* the enumerated offenses. *Id*. ("[T]he heart of the [*Johnson*] Court's opinion demonstrates why the two aspects of the residual clause's categorical approach—the ordinary-case determination and the risk assessment—"conspire" to make the clause unconstitutionally vague."). The *Vivas-Ceja* court noted that although the *Johnson* court observed that the enumeration of specific crimes did nothing to clarify the quality or quantity of risk necessary to classify offenses under the statute, they did not create the problems attendant to the categorical approach. *Id*. As the Seventh Circuit succinctly states: "The list itself wasn't one of the "two features" that combined to make the clause unconstitutionally vague." *Id*. (citing *Johnson* at 2557).

Next, the *Vivas-Cejas* court dismissed the argument that § 16(b) (or § 924(c)) was immune from *Johnson* because there was not the same history of "repeated failures to craft a principled and objective standard out of the residual clause," either from the Supreme Court or the lower courts. *Vivas-Cejas*, at 723 (citing *Johnson*, at 2558, 2560). But, as the Seventh Circuit correctly notes, the "shifting and irreconcilable body of caselaw" that emerged from ACCA's residual clause was merely "confirm[ed] its hopeless indeterminacy," *id.* (citing *Johnson,* 135 S.Ct. at 2558, rather than a basis for the Court's holding. The *Vivas-Cejas* court observed that "[t]he chaotic state of the caselaw was not a necessary condition to the [*Johnson*] Court's vagueness determination," a conclusion that binds this Court.

## Conclusion

For all of the forgoing reasons, as well as the reasons stated in Smith's Motion to Dismiss and his prior briefing in support of that motion, Smith asks that the Court grant his motion and dismiss Count 5 of his Indictment.

10

Respectfully submitted,

Northern District of Indiana Federal
Community Defenders, Inc.

By:    S/Thomas N. O'Malley
       *Signature*

       Thomas N. O'Malley
       *Printed Name*

       16827-02
       *Indiana Attorney Registration Number*
       1300 S. Harrison St., Suite 1101
       Fort Wayne, Indiana 46802
       Phone: (260) 422-9940
       Fax: (260) 422-9954

**CERTIFICATE OF SERVICE**

      I hereby certify that, on February 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

    Anthony Geller, Esq.
    Assistant United States Attorney
    anthony.geller@usdoj.gov

                                    s/ Thomas N. O'Malley
                                    Thomas N. O'Malley, Staff Attorney
                                    Northern District of Indiana
                                    Federal Community Defenders, Inc.