UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-CR-42 |
| | ) | |
| FREDDIE L. CHURCH JR., | ) | |
| SHAIKI SUTTON, | ) | |
| TYLER M. MCCARTHY, | ) | |
| CHRISTIAN J. SMITH, and | ) | |
| AUTUMN CARTER | ) | |

## GOVERNMENT'S SUPPLEMENTAL BRIEF

Comes now, the United States of America by its attorney, Anthony W. Geller, Assistant United States Attorney, and files its Government's Supplemental Brief. In an Opinion and Order dated December 1, 2015, the Court provided the parties with an opportunity to file supplemental briefs on the issue of whether the categorical approach applied to the analysis of predicate offenses pursuant to 18 U.S.C. § 924(c). The Court noted that there are vastly different policy concerns with the recidivist statutes spawning the categorical approach in *Taylor v. United States*, 495 U.S. 575 (1990). (R. 71) Considering the markedly different posture of a pending § 924(c) count, the Court considered whether the jury should be asked to evaluate the particular facts of this case in order to determine if the defendants' actual conduct

involves the requisite element of force. (R. 71 at 14) Regarding the force clause in particular, it is the government's position that the determination of the predicate crime as a crime of violence must be determined by the Court as a matter of law. Regarding the residual clause, the Seventh Circuit's decision in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015), would appear to pose an obstacle.

In two unpublished decisions, the Seventh Circuit has stated that whether an offense is a crime of violence is a question of law rather than an application of law to the facts of a particular case. *United States v. Meachum*, 182 F.3d 923 at *1 (7th Cir. 1999) (unpublished opinion); *United States v. Charles*, 1 F.3d 1244 at *2 (7th Cir. 1993) (unpublished opinion). The *Meachum* panel observed that categorizing the predicate offense was a matter of statutory interpretation and noted that other circuit courts were in agreement. *Meachum*, 182 F.3d at *1-2 (citations omitted). In both of these unpublished dispositions, the respective panels cited the categorical approach of *Taylor* as analogous support. *Meachum*, 182 F.3d at *2; *Charles*, 1 F.3d at *2. In *Meachum* in particular, the issue was squarely before the Seventh Circuit because the defendants there unsuccessfully contended that the district court should not have instructed the jury regarding the relevant predicates being crimes of violence as a matter of law. *Meachum*, 182 F.3d at

*1-2. The committee comments in the Seventh Circuit's pattern instructions for the elements of § 924(c) also observed that "[w]hether a particular crime qualifies as such [as a crime of violence or drug trafficking crime] is a determination for the court." Pattern Crim. Jury Instr., 7th Circuit, 18 U.S.C. § 924(c) Elements (2013).

As mentioned in *Meachum*, there are a number of other appellate courts holding the determination of the predicate as a crime of violence to be a question of law and not of fact. *United States v. Credit*, 95 F.3d 362, 364 (5th Cir. 1996); *United States v. Amparo*, 68 F.3d 1222, 1225-26 (9th Cir. 1995); *United States v. Moore*, 38 F.3d 977, 979-81 (8th Cir. 1994); *United States v. Weston*, 960 F.2d 212, 217 (1st Cir. 1992). After the unpublished decisions in the Seventh Circuit, the Tenth Circuit additionally rejected a defendant's claim that the jury should have been given the opportunity to decide whether a predicate crime was a crime of violence pursuant to § 924(c). *United States v. Morgan*, 748 F.3d 1024, 1034-35 (10th Cir. 2014). The Tenth Circuit held this to be a question of law requiring examination of the legal elements of the crime and not an exploration of the underlying facts. *Id.* at 1034-35. The *Morgan* decision relied upon the support of *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004), which dealt with a nearly identical provision in 18 U.S.C. § 16 and which required a look at the elements and the nature of the

3

offense of conviction rather than the particular facts of the crime. *Morgan*, 748 F.3d at 1034-35.

As the Court has observed in its Opinion and Order, a trial jury would be considering the defendants' conduct without the need to revisit the facts of a prior conviction, and a jury could certainly make a determination of whether this conduct, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" pursuant to the residual clause of § 924(c). The above cases however do not distinguish between the force clause and the residual clause, even though the latter arguably implicates an individualized factual application as opposed to the force clause's consideration only of elements.

Considering the above cases, the Court cannot submit a question of law to the jury for determination. Considering these cases and the Seventh Circuit's recent decision in *Vivas-Ceja*, 808 F.3d at 719, it is not clear that the Court could submit even the residual clause question to the jury. In *Vivas-Ceja*, the Seventh Circuit applied the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015), to hold that 18 U.S.C. § 16(b) was unconstitutionally vague. *Vivas-Ceja*, 808 F.3d at 722-23. The residual clause in § 16(b) is in material aspects identical to the residual clause of § 924(c). While a petition

4

for rehearing en banc is pending in *Vivas-Ceja* and considering that § 924(c) is arguably distinguishable, this adverse precedent still has to be recognized. Nevertheless, as discussed in the government's previous brief, there is no need for the Court to resolve either the constitutionality of the residual clause or the use of jury instructions as to that clause because the predicate crimes in the captioned matter are crimes of violence pursuant to the force clause.

        Respectfully submitted,

        DAVID CAPP
        UNITED STATES ATTORNEY

          /s/ Anthony W. Geller
By:   Anthony W. Geller
       Assistant United States Attorney
       E. Ross Adair Federal Bldg. & U.S. Courthouse
       1300 S. Harrison Street, Room 3128
       Fort Wayne, IN 46802-3489
       Telephone:  (260) 422-2595
       Facsimile:  (260) 426-1616
       E-mail:  anthony.geller@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I certify that all participants in the case who are registered CM/ECF users received service by the CM/ECF system.

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

/s/ Samantha K. Lee
Samantha K. Lee
Supervisory Legal Assistant

OFFICE OF THE U.S. ATTORNEY
E. Ross Adair Federal Building and U.S. Courthouse
1300 South Harrison Street, Room 3128
Fort Wayne, IN 46802-3489
Telephone: (260) 422-2595
Facsimile:  (260) 426-1616