**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:15-CR-42-TLS |
| | ) | |
| FREDDIE L. CHURCH, JR., | ) | |
| SHAIKI SUTTON, | ) | |
| TYLER M. MCCARTHY, | ) | |
| CHRISTIAN J. SMITH, and | ) | |
| AUTUMN J. CARTER | ) | |

**OPINION AND ORDER**

The Government has charged the Defendants with conspiracy to affect commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951(a) and (b) (Count 1); attempted robbery under the Hobbs Act, 18 U.S.C. § 1951(a) and (b) (Count 3); attempted entry into a credit union with the intent to commit armed bank robbery, 18 U.S.C. § 2113(a) and (d) (Count 4); and, carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c) (Count 5). Two of the Defendants are charged with a separate attempt to commit armed bank robbery, 18 U.S.C. § 2113(a) and (d) (Count 2). The underlying offenses for the Count 5 charge of carrying a firearm during and in relation to a crime of violence are the attempted robbery under the Hobbs Act (Count 3) and attempted entry into a credit union to commit armed bank robbery (Count 4).

The Defendants have moved to dismiss Count 5, arguing that attempted robbery under the Hobbs Act and attempted entry to commit armed bank robbery are not "crimes of violence" under § 924(c), which provides certain mandatory penalties for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). A crime of violence is defined as an offense that:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Defendants contend that the attempted robbery cannot serve as the predicate offense under subdivision (A), the "force clause," because it can be committed without using or threatening force. They submit that subdivision (B), the "residual clause," is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## A.      Count 4 as a Predicate Offense

According to the evidence that the Government contends it would submit at trial, law enforcement officers suspected that the Defendants were taking action to rob a particular credit union in Grant County. Accordingly, no employees were present in the building when the Defendants arrived at the credit union, and the doors were locked. When the Defendants attempted to gain entry and realized that the door was locked, they retreated to their vehicle and fled. Police apprehended them and discovered masks, zip ties, and a gun. A second vehicle, believed to be a secondary getaway vehicle, was also stopped.

The bank robbery statute states:

> (a)Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or *attempts to enter* any bank, *credit union*, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, *with intent to commit* in such bank,

credit union, or in such savings and loan association, or building, or part thereof, so used, *any felony affecting such* bank, *credit union*, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (emphasis added). Paragraphs one and two of § 2113(a) create difference offenses. *United States v. Loniello*, 610 F.3d 488, 491 (7th Cir. 2010). Count 4 of the Indictment relies on the second paragraph of § 2113(a). It charges that the Defendants

did *attempt to enter* Via Credit Union, the deposits of which were then insured by the National Credit Union Administration (NCUA), with the intent to commit in such credit union a felon affecting such credit union, namely bank robbery in violation of 18 U.S.C. § 2113(a), and larceny, and did put in jeopardy the life of another person by the use of a dangerous weapon;

All in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2.

(Indictment, Count 4, ECF No. 36 (emphasis added).)

In light of the factual background of this case, the Government properly seeks prosecution under the second paragraph of § 2113(a), and not the first, because the first requires the employment of actual force and violence, or intimidation. *United States v. Thornton*, 539 F.3d 741, 747 (7th Cir. 2008) ("[A]ctual force and violence or intimidation is required for a conviction under the first paragraph of § 2113(a), whether the defendant succeeds (takes) or fails (attempts to take) in his robbery attempt."). The unsuccessful robbery attempt did not involve an act of actual force and violence, or intimidation, as the Defendants did not even enter the bank or otherwise encounter any employees or patrons. *See id.* at 743–44, 747–48 (reversing attempted bank robbery conviction under first paragraph of § 2113(a) where the evidence was insufficient to establish that the defendant used force and violence or intimidation, despite the fact that the defendant planned to rob a bank, acquired a getaway driver, and went to the bank door in a

disguise while carrying a gun but did not enter because a customer confronted the defendant).

It is also undisputed that the "second paragraph of § 2113(a) cannot serve as a predicate crime of violence to support a § 924(c)(3) charge." *Thornton*, 539 F.3d at 747. A conviction under that paragraph does not require the use of force and violence, or intimidation. *Loniello*, 610 F.3d at 491 ("Paragraph 1 requires proof of force or intimidation, while ¶ 2 does not."); *see also* Pattern Criminal Jury Instructions of the Seventh Circuit 676 (2012 ed.) (elements of entering to commit bank robbery under § 2113(a) are: (1) the defendant entered or attempted to enter the financial institution; (2) with the intent to commit a felony or larceny affecting the financial institution; and; (3) at the time, the deposits of the institution were insured by the Federal Deposit Insurance Corporation).

That would be the end of the discussion regarding Count 4 as a predicate offense for a § 924(c) conviction, but for the fact that the Government included "and did put in jeopardy the life of another person by the use of a dangerous weapon" within the Count 4 allegations, and cited to § 2113(d). This code section provides that "[w]hoever, in committing . . . any offense defined in subsections (a) and (b) of this section, assaults any person or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both." 18 U.S.C. § 2113(d). A violation of subsection (d) is a violation of subsection (a) or (b) by the use of a dangerous weapon. In *United State v. Smith*, 103 F.3d 600, 605 (7th Cir. 1996), the Seventh Circuit reviewed the "put in jeopardy" language of § 2113(d) and concluded that the focus of the analysis should be on the "actual risk created by the robber's use of a dangerous weapon."

Thus, a conviction on Count 4, as currently charged, would require a jury to find that the

4

Defendants put in jeopardy the life of another during their commission of the crime of attempting

to enter the credit union with the intent to rob it. At this stage of the proceedings, the Court does

not determine whether the Government can (actually or legally) satisfy this proof, particularly

where the parties have not themselves addressed the interplay between ¶ 2 of § 2113(a) and

§ 2113(d). Rather, the parties have focused on whether bank robbery by intimidation, which is

only relevant to a charge under ¶ 1 of § 2113(a), can satisfy the force clause. But as the Court has

already indicated, the Defendants here have been charged under ¶ 2.

For now, it is enough to find that armed bank robbery under § 2113(d) can be a predicate

crime of violence for purposes of § 924(c). The element of putting in jeopardy the life of another

through the use of a dangerous weapon fits within the definition of force "capable of causing

physical pain or injury to another person." *Johnson*, 559 U.S. 133, 140 (2010).


**B.      Count 3 as a Predicate Offense**

The other predicate offense for Count 5 is Count 3, which charges a violation of the

Hobbs Act. Under the Hobbs Act,

> [w]hoever in any way or degree obstructs, delays, or affects commerce or the
> movement of any article or commodity in commerce, by robbery or extortion or
> attempts or conspires so to do, or commits or threatens physical violence to any
> person or property in furtherance of a plan or purpose to do anything in violation
> of this section shall be fined under this title or imprisoned not more than twenty
> years, or both.

18 U.S.C. § 1951(a). The Hobbs Act defines robbery as

> the unlawful taking or obtaining of personal property from the person or in the
> presence of another, against his will, by means of actual or threatened force, or
> violence, or fear of injury, immediate or future, to his person or property, or
> property in his custody or possession, or the person or property of a relative or
> member of his family or of anyone in his company at the time of the taking or

obtaining.

18 U.S.C. § 1951(b)(1). The Hobbs Act criminalizes not just successful robberies, but attempted

robberies as well. *United States v. Muratovic*, 719 F.3d 809, 815 (7th Cir. 2013). "Attempt

convictions require specific intent to commit the full robbery and a substantial step taken toward

that end." *Id.*; *see also United States v. Villegas*, 655 F.3d 662, 668 (7th Cir. 2011).

> The Indictment charges that the Defendants
>
> did unlawfully attempt to obstruct, delay, and affect commerce and the movement
> of any article and commodity in commerce, by robbery, in that the defendants
> unlawfully attempted to take and obtain money and property from the person and
> in the presence of another, namely from employees and customers of Via Credit
> Union in Marion, Indiana, against their will, by means of actual and threatened
> force, violence, and fear of injury, immediate and future, to their person and to
> money and property in their custody and possession;
>
> All in violation of 18 U.S.C. § 1951(a) and (b).

(Indictment, Count 3, ECF No. 36.) For the § 924(c) charge, the Government alleges that the

Defendants knowingly carried a firearm during and in relation to the attempted interference with

commerce by robbery.

Part of the definition of robbery expressly entails the actual or threatened use of force or

violence, and thus satisfies the force clause requirement that it have as an element the use,

attempted use, or threatened use of physical force against the person or property of another. The

Defendant argues, though, that other aspects of the definition of robbery can be accomplished

without the requisite physical force. In particular, he notes that robbery can be committed by fear

of injury, which he contends would not satisfy the force clause. Thus, he argues that Hobbs Act

robbery is not categorically a crime of violence because it can be accomplished at least in some

circumstances without the use of force.

6

Since *Johnson* was decided, nearly twenty district courts have considered whether robbery under the Hobbs Act is a crime of violence. They have unanimously held that Hobbs Act robbery is a crime of violence under the force clause, even in light of the "fear of injury" prong and all its accompanying arguments. *United States v. Wheeler*, No. 15-CR-216-PP, 2016 WL 799250 (E.D. Wis. Feb. 29, 2016); *United States v. Pena*, No. 15-CR-551 (AJN), 2016 WL 690746 (S.D.N.Y. Feb. 11, 2016); *United States v. Bennett*, No. 3:15CR134, 2016 WL 354753 (E.D. Va. Jan. 27, 2016); *United States v. Crawford*, No. 3:15-CR-070 JD, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016); *United States v. Tsarnaev*, No. 13-10200-GAO, 2016 WL 184389 (D. Mass. Jan. 15, 2016); *United States v. Walker*, No. 3:15cr49, 2016 WL 153088 (E.D. Va. Jan. 12, 2016); *United States v. Morgan*, No. 14-20610, 2015 WL 9463975 (E.D. Mich. Dec. 18, 2015); *Stewart v. United States*, No. 1:11CR156-2, 2015 WL 8752241 (M.D.N.C. Dec. 14, 2015); *United States v. McDaniels*, — F. Supp. 3d. —,  No. 1:15-cr-171, 2015 WL 7455539 (E.D. Va. Nov. 23, 2015); *United States v. Anglin*, No. 14-CR-3, 2015 WL 6828070 (E.D. Wis. Nov. 6, 2015); *United States v. Brownlow*, No. 1:15-cr-0034, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015); *United States v. Merinord*, No. 5:15-CR-136, 2015 WL 6457166 (E.D.N.C. Oct. 26, 2015); *United States v. Hunter*, No. 2:12cr124, 2015 WL 6443084 (E.D. Va. Oct. 23, 2015); *United States v. Evans*, No. 5:15-cr-57-H, 2015 WL 6673182 (E.D.N.C. Oct. 20, 2015); *United States v. Redmond*, No. 3:14-cr-226, 2015 WL 5999317 (W.D.N.C. Oct. 13, 2015); *United States v. Standberry*, 3:15CR102, 2015 WL 5920008 (E.D. Va. Oct. 9, 2015); *United States v. Mackie*, No. 3:14-cr-183, 2015 WL 5732554 (W.D.N.C. Sept. 30, 2015); *United States v. Melgar-Cabrerra*, No. CR 09-2962, 2015 U.S. Dist. LEXIS 145226 (D.N.M. Aug. 24, 2015).

The Court, having reviewed the opinions in these cases, agrees with their reasoning and

conclusions, and likewise finds that Hobbs Act robbery categorically meets the definition of a

crime of violence under 18 U.S.C. § 924(c)(3)(A). None of the Defendants' arguments persuades

the Court to rule otherwise and dismiss Count 5 of the Indictment. Having made this

determination, the Court need not address the residual clause.


## CONCLUSION

For the reasons set forth above, the Court DENIES the Defendants' Motions to Dismiss

[ECF Nos. 50, 53, 55]. The Court will issue a separate scheduling order.

SO ORDERED on March 15, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
